MUNSON DYE WORKS, complainant-respondent,

*v.*

THE MAYOR AND ALDERMEN OF JERSEY CITY and MICHAEL
    I. FAGEN, commissioner of streets and public improve-
    ments, defendants-appellants.

[Argued May 24th, 1934.  Decided September 27th, 1934.]

*Mr. James A. Hammill* and *Mr. Charles A. Rooney,* for the
appellants.

*Mr. Emanuel Shavick,* for the respondent.

The opinion of the court was delivered by

DONGES, J.

The bill filed in this case alleged that Munson Dye Works,
the complainant therein, was lessee of certain premises in
Jersey City; that the lease was entered into with the knowl-
edge and consent of The Trust Company of New Jersey,
mortgagee in possession of the premises; that the premises
formerly belonged to Turner & Company, which on August
2d, 1933, was adjudged insolvent by the court of chancery,

and a receiver of said insolvent corporation was appointed by said court, and is acting as such receiver. The bill further alleges that the city of Jersey City claims unpaid water rents for water furnished to Turner & Company from March 25th, 1931, to the date of insolvency of said corporation; that the municipality filed a proof of its claim in that amount with the receiver on September 29th, 1933; that either prior or subsequent to the appointment of said receiver the city shut off the supply of water and has since refused to supply water to the premises; that the Trust Company of New Jersey, mortgagee in possession, disputes the amount of the municipality's claim and disputes the priority of such claim; that complainant is the owner of a large amount of machinery, equipment and personal property which it purchased from the vendees of the receiver of Turner & Company, and that it is ready and desirous of conducting its business in the premises in question; that it tendered a deposit to the city to guarantee payment of water furnished to it, but the city refused to turn on the water. The bill prays that the city be ordered to furnish water to the complainant and that it be restrained from cutting off or in any way interfering with the supply of water to the premises.

An order to show cause was allowed why the defendants should not be restrained and enjoined as prayed in the bill of complaint. The matter was heard on bill and affidavits. On March 26th, 1934, an order was made restraining the city from interfering with the supply of water to complainant and directing the city to supply water to complainant, and that complainant deposit cash in the sum of $2,000 or a surety bond acceptable to the commissioner of streets and public improvements. On April 11th, 1934, a further order was made restraining the city from interfering with the supply of water to the premises and directing and commanding the city "in the meantime to supply the said water to the said premises, the water so supplied to be chargeable and paid by the Munson Dye Works and the owner of the said premises," and further requiring a deposit of $2,000 by complainant to guarantee payment for water supplied to it, and fur-

ther ordering complainant or the owner to agree to pay defendants such sums of money as may be found to be due for water theretofore furnished to the premises, and, if it be determined that such claim is a prior lien to the lien of the mortgage or mortgages on the premises, then the complainant or the owner are directed to pay such amount so found to be a prior lien.

·From both of these orders this appeal is taken.

The owner of the land and premises and the mortgagee alleged to be in possession under its mortgage are not parties to the bill. The bill does not allege that the owner to whom water was furnished disputes the amount thereof or the city's lien therefor. Indeed, a reading of the opinion of the court of chancery in *Bea* v. *Turner & Co., 115 N. J. Eq. 189,* which deals with the right of the city of Jersey City to have its claim for water supplied to Turner & Company allowed as a debt of the insolvent corporation, indicates that the amount of the city's claim was not disputed therein. So far as appears no party to the record in this case or in the insolvency proceeding challenges the validity of the claim as presented. No challenge is made of the order because it orders payment by a person not a party to the proceedings.

The sole question presented, as we view it, is whether the city, under existing legislation, has the authority to shut off the water from the premises, and, if so, whether it should be restrained from so doing.

It is not disputed that the city is authorized to shut off the water for non-payment of the charges therefor, and that the city has a lien on the premises for the collection of same. Section 81, chapter 424 (*P. L. 1871 p. 1094*), being the charter of Jersey City, provides in part: "* * * and the said water rents shall until paid, be liens on the property charged therewith." Section 8 of article 32 of the Home Rule act (*P. L. 1917 ch. 152*), provides:

"8. The governing body of every municipality providing and supplying water for the public and private use of such municipality and its inhabitants, may make, enforce, amend and repeal all such ordinances, resolutions and regulations as said body may deem necessary and proper for the distribution, safety, security and protection of

the said buildings, machinery, canals, aqueducts, reservoirs and other works and appurtenances thereto; for the installation and protection of meters, and for fixing and collecting the water rents or prices for water, and for imposing penalties in addition to cutting off the water for non-payment thereof."

Section 11 provides as follows:

"11. The owner of any house, tenement, building or lot shall each be liable for the payment of the price or rent as fixed by the said governing body for the use of water by such owner or by the occupier, and for the installation, purchase price, repair and testing of any water meter or water meters, water service, water services, connections, appliances or parts, and renewals thereof, heretofore or hereafter furnished or made by such municipality, or any department thereof, in or upon such house, tenement, building or lot, or connecting with such house, tenement, building or lot, and the interest and penalties charged; and such price or rent so fixed, and the other costs, expenses, interest and penalties aforesaid, shall be a lien upon said house, tenement, building or lot, until the same shall be paid and satisfied. Said governing body shall have authority to require payment in advance for the use or rent of water furnished by said municipality, and for any work to be done or materials to be furnished."

Section 12 is as follows:

"12. In case prompt payment of any water rent or rents, or for work done or materials furnished, is not made when the same shall become due, the water may be shut off from such houses, tenements, buildings, or lots, and shall not be again supplied thereto until such arrears with interest and penalties shall be fully paid. If any water rent or rents or other charges shall remain unpaid and in arrears for six months, the officer or board charged with the duty of the collection thereof shall file with the officer charged with the duty of the collection of tax arrears a statement showing such arrearages, and from the time of such filing the said water rent or rents or other charges shall be a lien upon the land and buildings to which said water was furnished and in connection with which such charges were incurred to the same extent as taxes are a lien upon lands in said municipality, and shall be collected and enforced by the same officers and in the same manner as liens for taxes are enforced and collected."

Section 104 of the water ordinance of Jersey City, adopted August 12th, 1924, provides in part:

"Service of water may be discontinued for the following reasons: * * *

"(f)  For neglecting to make advance payments or for non-payment of water charge accruing under the application."

It is undisputed that a valid claim for unpaid water rents exists and it is undisputed that the city has taken the steps provided by statute to impress the charge on the real estate. *Bea* v. *Turner & Co., supra.*

The vice-chancellor who advised the orders held that a tenant who was not responsible for the unpaid claim for water furnished was entitled to have water furnished pending the settlement of a dispute as to the amount due, and that equity will restrain a refusal to furnish water.  This court in *Howe* v. *City of Orange, 73 N. J. Eq. 410,* held to the contrary. In that case it was said:

"If the legislation be constitutional, and it is not suggested that it is not so, it undoubtedly vests in the municipal authorities the right to shut off the water from premises when the water rents for water furnished to such premises are in arrears.  Under the pleadings in this suit there are arrears against these premises for water previously furnished.  There would seem to be no reason why the city should not be permitted to pursue the statutory procedure with respect thereto. It cannot be said that irreparable injury will ensue to the complainant if the city is permitted to shut off the water, because, by paying the water rents in arrears, the water will be furnished.  If this complainant wants the water, and is compelled to pay the back rents to obtain it, and should not in law have been compelled so to do, the cases hold that she may recover back from the city the amounts of money thus wrongfully extorted from her."  Citing cases.

"It is held that the premises to which the water is furnished are liable, that indulgence with respect to the time of shutting the water off will not be held to operate against the right to do so, and that the fact that the title has changed hands since the furnishing of the water is immaterial."

It is not perceived how the rights of a tenant under the mortgagee can be superior to those of the mortgagee or of a subsequent grantee of the owner who incurred the debt for water supplied.  *Howe* v. *City of Orange, supra.*  The city

is entitled to pursue the statutory remedies of shutting off the water to the premises in whomsoever's possession they may be, and to have its lien for the recovery of the unpaid rents for water furnished. *Vreeland* v. *Mayor, &c., of Jersey City, 37 N. J. Eq. 574.*

The foregoing conclusions render it unnecessary to pass upon the other ground urged for reversal that it was error to grant preliminary restraint because the bill and affidavits did not disclose damage of an irreparable character to the complainant, and because every material allegation on which . the prayer for injunction rested is controverted, under oath, by the defendants.

The orders under review will be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ.   14.